# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

MICHAEL BRAD ORSO,

    Petitioner,

v.                              Case No. 3:19-cv-569-RV-MJF

MARK S. INCH,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner Michael Orso has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). Respondent ("the State") moves to dismiss the petition as untimely. (Doc. 18). Orso opposes the motion. (Doc. 28). The undersigned concludes that no evidentiary hearing is required for the disposition of this matter, and that Orso's petition is untimely.[1]

---

[1] This case was referred to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

I. **Background and Procedural History**

On May 9, 2014, Orso was sentenced to life imprisonment for the first-degree murder of Thomas Gerald Kroll. (Doc. 18, Ex. 1 (indictment), Ex. 2 (verdict and judgment)).[2] On June 30, 2015, the Florida First District Court of Appeal ("First DCA"), affirmed the judgment *per curiam* and without written opinion. *Orso v. State*, 210 So. 3d 49 (Fla. 1st DCA 2015) (Table) (copy at Ex. 3). The mandate issued July 16, 2015. (Ex. 3).

On September 17, 2016, Orso, through counsel, filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. (Ex. 4). The state circuit court denied the motion. (Ex. 5). The First DCA affirmed *per curiam* and without written opinion. *Orso v. State*, 264 So. 3d 142 (Fla. 1st DCA 2019) (Table) (copy at Ex. 6). The mandate issued March 12, 2019. (*Id.*).

On April 5, 2019, Orso filed a *pro se* federal habeas petition raising four claims of ineffective assistance of counsel. (Doc. 1). Thereafter, Attorney Nathan Clark entered an appearance on Orso's behalf. (Doc. 11). On January 31, 2020, the State moved to dismiss Orson's petition as barred by the federal habeas statute of

---

[2] Citations to the state court record are to the electronically-filed exhibits attached to the State's motion to dismiss. (Doc. 18).

limitations. (Doc. 18). This court provided Orso an opportunity to respond within 30 days. (Doc. 19).

On February 11, 2020, Orso filed a *pro se* motion seeking to file, on his own behalf, a response to the State's motion to dismiss. (*See* Doc. 20). This court ordered that Orso's *pro se* filing be stricken pursuant to Local Rule 11.1(F). (Doc. 21) (citing N.D. Fla. Loc. R. 11.1(F) ("A party who is represented by an attorney must appear only through the attorney; the party may not file documents or participate in a trial or hearing on the party's own behalf.")). On February 27, 2020, Orso, through counsel, filed a motion for extension of time to respond to the State's motion to dismiss. (Doc. 22). This court granted an extension to April 3, 2020. (Doc. 23).

Orso then submitted for filing a *pro se* "Notice of Discharge" and a *pro se* motion for extension of time to respond to the State's motion to dismiss. This court returned both documents to Orso without filing, pursuant to Local Rule 11.1(F). The court advised Orso that his status as a represented party may be ended by counsel filing a motion for leave to withdraw. (Docs. 24, 25) (citing N.D. Fla. Loc. R. 11.1(H)(1)). Orso, through counsel, sought an additional extension of time to respond. (Doc. 26). Citing the COVID-19 pandemic, Orso's counsel explained:

> Undersigned may need additional time to withdraw as counsel of record in this matter at Petitioner's request. Pursuant to Rule 4-1.16(a), (b), and (d) undersigned is in need of additional time to prepare certain

Page 3 of 12

> materials and provide certain information to the Petitioner so that further representation or withdrawal does not cause a material adverse effect on the Petitioner, including additional time to find new counsel or to file his own response to Respondent's Motion to Dismiss Petition as Untimely.

(Doc. 26 at 1-2). Attorney Clark's reference to Rule 4.1-16 is to The Florida Bar's Rules of Professional Conduct. This court granted an extension to June 2, 2020. (Doc. 27). Clark did not withdraw. Rather, on June 2, 2020, on Orso's behalf, Clark filed a response to the motion to dismiss. (Doc. 28).

## II.   Section 2254 Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs Orso's § 2254 petition, because the petition was filed after AEDPA's effective date – April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA establishes a 1-year period of limitation for a state prisoner to file a federal habeas petition. *See* 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1). The limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review" is pending. 28 U.S.C. § 2244(d)(2).

## III. Discussion

### A. <u>Orso's Petition Is Untimely</u>

The parties agree on three points: (1) the applicable triggering event for the statute of limitations is § 2244(d)(1)(A); (2) Orso's limitations period runs from the date on which his judgment became final by the conclusion of the time for seeking direct review; and (3) the time for seeking direct review concluded when the 90-day window for filing a certiorari petition with the United States Supreme Court expired. (Doc. 18 at 6; Doc. 28 at 3-4); *see also Bond v. Moore*, 309 F.3d 770, 773 (11th Cir. 2002). The parties disagree on the date the 90-day certiorari period began running. (Doc. 28 at 3). The State asserts that the 90-day period began running on June 30, 2015, which is the date the First DCA affirmed Orso's judgment. (Doc. 18 at 6-8).

Orso asserts that the 90-day period began running on July 16, 2015, which is the date his time to file a motion for rehearing in the First DCA expired. (Doc. 28).

"The time for appeal or application for a writ of certiorari to review the judgment of a State court in a criminal case shall be as prescribed by rules of the Supreme Court." 28 U.S.C.A. § 2101(d). Supreme Court Rule 13 provides that "a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment." U.S. Sup. Ct. R. 13.1. "If Rule 13.1 is unclear about when the 90-day period begins to run, Rule 13.3 leaves no doubt." *Chavers v. Sec'y, Fla. Dep't of Corr.*, 468 F.3d 1273, 1275 (11th Cir. 2006). Supreme Court Rule 13.3 specifies:

> The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice). But if a petition for rehearing is timely filed in the lower court by any party, or if the lower court appropriately entertains an untimely petition for rehearing or sua sponte considers rehearing, the time to file the petition for a writ of certiorari for all parties (whether or not they requested rehearing or joined in the petition for rehearing) runs from the date of the denial of rehearing or, if rehearing is granted, the subsequent entry of judgment.

U.S. Sup. Ct. R. 13.3

In *Chavers*, the Eleventh Circuit confirmed that "the entry of judgment, and not the issuance of the mandate, is the event that starts the running of time for seeking Supreme Court review, within the meaning of Supreme Court Rule 13.3 and 28 U.S.C. § 2244(d)(1)(A)." *Chavers* at 1275. The *Chavers* court applied that rule to conclude that Chavers's 90-day window to file a certiorari petition began to run from the date the Florida Fourth DCA affirmed his conviction, not 15 days later when the mandate issued. *Id*. The Fourth DCA affirmed Chavers's conviction on November 22, 2000. *Chavers v. State*, 773 So. 2d 555 (Fla. 4th DCA 2000) (Table). That is the date the opinion issued and was entered on the record. (*Id*.). The Eleventh Circuit's holding in *Chavers* controls this case.

The First DCA affirmed Orso's conviction on June 30, 2015. *Orso v. State*, 210 So. 3d 49 (Fla. 1st DCA 2015) (Table) (copy at Ex. 3). That is the date the opinion issued and was entered on the record. (*Id*.). Orso did not petition for rehearing. (*Id*.). Thus, under Supreme Court Rule 13, the 90-day period for Orso to file a certiorari petition in the United States Supreme Court started running on June 30, 2015, and expired on September 28, 2015. *See Chavers* at 1275; *see also Moore v. Sec'y, Fla. Dep't of Corr.*, 762 F. App'x 610, 618 (11th Cir. 2019) (calculating the 90-day certiorari window from the date the state appellate court affirmed the petitioner's conviction, and holding that the petitioner's conviction became final for

purposes of § 2244(d)(1)(A), 90 days later); *Pabon v. Warden*, 718 F. App'x 880, 881 (11th Cir. 2017) (same).

Orso's federal habeas limitations period began to run one day later, on September 29, 2015, and expired one year later, on September 29, 2016, absent tolling. *See San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011) (holding that Federal Rule of Civil Procedure 6(a)(1) applies to calculation of the AEDPA's one-year limitations period; thus, the limitations period begins to run from the day after the day of the event that triggers the period); *Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (holding that the limitations period should be calculated according to the "anniversary method," whereby the limitations period expires on the one-year anniversary of the date it began to run).

Orso allowed 354 days of the limitations period to pass before filing his counseled Rule 3.850 motion on September 17, 2016.[3] That motion was pending, and statutorily tolled the limitations period, from September 17, 2016, (the date it was filed) until March 12, 2019, (the date the mandate issued in Orso's postconviction appeal). *See Nyland v. Moore*, 216 F.3d 1264, 1267 (11th Cir. 2000) (recognizing that a "properly filed" postconviction motion is "pending" under

---

[3] The year 2016 was a "leap year," so February had 29 days.

Florida procedure, and consequently tolls the federal habeas limitations period, until the appellate court's issuance of the mandate on appeal).

The limitations period began running again on March 13, 2019, and expired 11 days later on March 23, 2019. Because March 23, 2019, was a Saturday, Orso had until the following Monday, March 25, 2019, to file his federal habeas petition. *See* Fed. R. Civ. P. 6(a). Orson's *pro se* petition, filed on April 5, 2019, is untimely.

### B.  Orso's Request To Address Equitable Tolling

Orso's counseled response to the State's motion to dismiss requests that if Orso's petition is deemed untimely, the court "provide Mr. Orso an opportunity to address equitable tolling." (Doc. 28 at 2). Orso's counsel explains:

> Mr. Orso's family desired that the undersigned discuss the case with Mr. Orso. The undersigned made arrangements with the prison to speak with Petitioner, but the Petitioner's reserved spots for telephonic conferences have been cancelled by the prison because of COVID-19 outbreaks and the need for the Petitioner and the undersigned to be and remain quarantined a considerable distance from each other. Undersigned has been unable to communicate with his client effectively about this motion or this ground [equitable tolling].
>
> Should this Court determine that the petition is untimely, the undersigned requests that the Petitioner be given the opportunity to address the merits of this case, or any unaddressed procedural issues including equitable tolling, inasmuch as the Petitioner has previously sought to have the undersigned counsel withdraw at times and the undersigned counsel has been unable to communicate with the Petitioner due to the COVID-19 virus.

(Doc. 28 at 9). It is unclear whether Attorney Clark has attempted to communicate with Mr. Orso in writing. It also is unclear whether Attorney Clark is suggesting that the court authorize a *pro se* filing, or merely requesting an extension of time to determine whether Orso has a good-faith claim for equitable tolling. To the extent counsel proposes hybrid representation, the request is denied. This court's Local Rules prohibit hybrid representation:

> **Participation by a Represented Party Prohibited**. A party who is represented by an attorney must appear only through the attorney; the party may not file documents or participate in a trial or hearing on the party's own behalf. A party who appears pro se may not be represented jointly or intermittently by an attorney. But an attorney may enter an appearance and thus end a party's pro se status, so long as the appearance will not delay a trial or other proceeding, and the Court may allow an attorney to withdraw even if doing so will leave the party without an attorney.

N.D. Fla. Loc. R. 11.1(F).

The Local Rules set forth the procedure for an attorney's withdrawal in a case: "An attorney who has appeared in a case may not withdraw unless: (a) the Court grants leave to withdraw; or (b) the client consents and the withdrawal will leave the client with another attorney of record who intends to continue in the case." N.D. Fla. Loc. R. 11.1(H)(1). Attorney Clark has not sought leave to withdraw.

The court reiterates that Mr. Orso may file documents *pro se* only if his status as a represented party is ended. Orso's status as a represented party may be ended by Attorney Clark filing a motion for leave to withdraw in this case.[4]

## IV. Conclusion

For the reasons set forth above, it is **ORDERED**:

The clerk of the court shall mail a copy of this Report and Recommendation to the attorneys of record and to Michael Brad Orso, DC# A51351, Apalachee East Unit, 35 Apalachee Drive, Sneads, Florida 32460-4166.

The undersigned respectfully **RECOMMENDS** that:

1. Respondent's Motion to Dismiss Petition as Untimely (Doc. 18) be **GRANTED IN PART** and **DEFERRED IN PART** as follows:

    a. The motion be **GRANTED** to the extent that the court concludes Orso's petition is untimely.

    b. The motion be **DEFERRED** for 30 days on the issue of dismissal, to provide Orso the opportunity to supplement his response with argument on why his untimely petition should not be dismissed.

---

[4] A lawyer "shall" withdraw from representation of a client if the lawyer is discharged by the client. *See* Florida Bar Rule of Professional Conduct 4-1.16(a)(3).

2.   The court provide Petitioner **THIRTY (30) DAYS** from adoption of this report and recommendation to afford Petitioner an opportunity to supplement his response on the issue of why his untimely petition should not be dismissed.

At Panama City, Florida, this 5th day of June, 2020.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**