UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MICHAEL BRAD ORSO,

    Petitioner,

v.                                              Case No.  3:19-cv-569-RV-MJF

MARK S. INCH,

    Respondent.
                                    /

## SECOND REPORT AND RECOMMENDATION

This habeas case, filed under 28 U.S.C. § 2254, is before the undersigned upon remand from the District Judge (Doc. 38) to consider whether any of Petitioner Orso's *pro se* filings submitted after entry of the report and recommendation dated June 5, 2020, ("First R&R") have bearing on Respondent's motion to dismiss. (*See* Doc. 18 (Respondent's motion to dismiss); Doc. 30 (First R&R)). Having considered all outstanding issues and Orso's post-R&R submissions, the undersigned concludes that: (1) the First R&R correctly determined that Orso's petition was filed outside the 1-year statute of limitations; (2) Orso has not claimed, or established entitlement to, equitable tolling; (3) the communication issues and other problems Orso had with his former habeas counsel (Attorney Nathan Clark) occurred *after* Orso's § 2254

petition had been filed, and they have no bearing on Respondent's motion to dismiss; and (4) Respondent's motion to dismiss should be granted in full.

## I. Background and Procedural History

Orso initiated this proceeding on April 5, 2019, by filing a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). On September 23, 2019, Attorney Nathan Clark filed a notice of appearance on Orso's behalf. (Doc. 11).

On January 31, 2020, Respondent ("the State") responded to the petition and asserted a statute of limitations defense. (Doc. 18). Orso, through Clark, filed a response in opposition. (Doc. 28). In that response, Clark addressed the calculation of the limitations period and the effect of statutory tolling, but requested that in the event the petition was deemed untimely, Orso be allowed to address the issue of equitable tolling in a *pro se* filing. (*Id.*).

On June 5, 2020, the undersigned issued the First R&R. (Doc. 30). The First R&R concluded that Orso's petition was filed outside the 1-year limitations period provided in 28 U.S.C. § 2244(d), and denied Clark's request to allow hybrid representation on a potential claim for equitable tolling. (Doc. 30; *see also* N.D. Fla. Loc. R. 11.1(F) (prohibiting hybrid representation)). The undersigned recommended that the District Court adopt the calculation of the limitations period, but defer ruling on the motion to dismiss for 30 days to provide Orso the opportunity to present any

additional allegations and arguments on why his petition should not be dismissed. (*Id.*).

On June 18, 2020, Clark filed a consolidated motion to (1) allow him to withdraw from the case, and (2) grant Orso an extension of time to file *pro se* objections to the First R&R. (Doc. 31 (consolidated motion); Doc. 32 (supplement)). Clark also filed objections to the First R&R on Orso's behalf. (Doc. 33).

On June 22, 2020, the District Judge granted Clark's motion to withdraw and extended the objection deadline to July 10, 2020, to enable Orso to file objections to the First R&R either *pro se* or with substitute counsel. (Doc. 34). At Orso's request, (Doc. 35), the District Judge extended Orso's *pro se* objection deadline again, to August 3, 2020. (Doc. 36).

On July 29, 2020 (according to the prison mailbox rule), Orso filed a *pro se* "Motion to Rescind Report and Recommendation . . . ." (Doc. 37). On August 4, 2020, the District Judge remanded the matter to the undersigned to consider "all outstanding issues, in particular the equitable tolling issue and whether and to what extent the communication problems and other issues between the petitioner and his attorney [alleged in Orso's *pro se* filing, Doc. 37] have bearing on [Respondent's] motion to dismiss." (Doc. 38 at 3).

On July 31, 2020, Orso filed a *pro se* motion titled "Petitioner's Pro Se Request for Exception to August 3, 2020 Submission Date." (Doc. 39). Orso asserted that he had prepared his *pro se* objections to the First R&R, but could not get them copied until August 5, 2020. (*Id.* at 2). Orso requested that in the event the First R&R was not "rescinded," the District Court extend the August 3, 2020, deadline for him to file *pro se* objections to the First R&R. (*Id.*). This motion was referred to the undersigned. The undersigned addressed Orso's motion in an order entered August 10, 2020. (Doc. 40).

The undersigned's August 10, 2020, order advised the parties that on August 19, 2020, the undersigned would take under advisement Orso's additional arguments raised in his "Motion to Rescind Report and Recommendation," (Doc. 37), and that on or before that submission date, the parties were permitted to file additional arguments on the issues of timeliness and equitable tolling. (Doc. 40). The undersigned granted Orso's "Pro Se Request for Exception to August 3, 2020 Submission Date" to the extent that the August 19, 2020, submission date provided additional time and opportunity for him to address the issues of timeliness and equitable tolling. (*Id.*). The undersigned explicitly noted that the August 19, 2020, submission date provided Orso time to copy and mail his already-prepared *pro se* objections to the First R&R. (*Id.* at 2, n.1).

The undersigned has waited an additional 30 days beyond the August 19, 2020, submission date to consider this matter. To date, Orso has not filed his *pro se* objections to the First R&R and has not presented any additional argument on the issues of the timeliness of his petition, equitable tolling, or why his petition should not be dismissed as time-barred. Instead, Orso filed a motion to remove the undersigned from this case (Doc. 43), which the District Judge denied. (Doc. 44).

## II.  Discussion

**A.      Orso's Habeas Petition Was Filed Beyond The Statute Of Limitations**

As set forth in the First R&R, the parties agree that § 2244(d)(1)(A) controls the commencement of the limitations period. (*See* Doc. 1 at 13-14 (Orso's *pro se* petition); Doc. 18 at 5-8 (State's analysis); Doc. 28 (Orso's counseled response)). Under § 2244(d)(1)(A), the limitations period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id*. The limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review" is pending. 28 U.S.C. § 2244(d)(2).

The parties do not dispute Orso's relevant state-court filings or the dates of those filings. Orso's state-court filings are attached to the State's motion to dismiss. (Doc. 18).

The First DCA affirmed Orso's conviction on June 30, 2015. *Orso v. State*, 210 So. 3d 49 (Fla. 1st DCA 2015) (Table) (copy at Doc. 18, Ex. 3). That is the date the opinion issued and was entered on the record. (*Id.*). Orso did not petition the First DCA for rehearing. (Ex. 3 at 2 (docket sheet)).

Orso did not file a petition for review in the United States Supreme Court. (Doc. 1 at 3, 13-14). Orso's 90-day period for filing a certiorari petition expired on September 28, 2015. *See* U.S. Sup. Ct. R. 13.1 ("[A] petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment."); U.S. Sup. Ct. R. 13.3 ("The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice)."); *Chavers v. Sec'y, Fla. Dep't of Corr.*, 468 F.3d 1273, 1275 (11th Cir. 2006).[1]

---

[1] In *Chavers*, the Eleventh Circuit confirmed that "the entry of judgment, and not the issuance of the mandate, is the event that starts the running of time for seeking Supreme Court review, within the meaning of Supreme Court Rule 13.3 and 28 U.S.C. § 2244(d)(1)(A)." *Chavers*, 468 F.3d at 1275. The *Chavers* court applied that rule to conclude that Chavers's 90-day window to file a certiorari petition began to run from the date the Florida Fourth DCA affirmed his conviction, not 15 days later when the mandate issued. *Id.* The Fourth DCA had affirmed Chavers's conviction on November 22, 2000. *Chavers v. State*, 773 So. 2d 555 (Fla. 4th DCA 2000)

The federal habeas limitations period under § 2244(d) began to run one day later, on September 29, 2015, and expired one year later, on September 29, 2016, absent tolling. *See San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011) (holding that Federal Rule of Civil Procedure 6(a)(1) applies to calculation of the AEDPA's one-year limitations period; thus, the limitations period begins to run from the day after the day of the event that triggers the period); *Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (holding that the limitations period should be calculated according to the "anniversary method," whereby the limitations period expires on the one-year anniversary of the date it began to run).

Orso allowed 354 days of the limitations period to pass before filing his counseled Rule 3.850 motion on September 17, 2016.[2] That motion was pending, and statutorily tolled the limitations period, from September 17, 2016, (the date it was filed) until March 12, 2019, (the date the mandate issued in Orso's postconviction appeal). *See Nyland v. Moore*, 216 F.3d 1264, 1267 (11th Cir. 2000) (recognizing that a "properly filed" postconviction motion is "pending" under

---

(Table). That is the date the opinion issued and was entered on the record. (*Id.*). The Eleventh Circuit's holding in *Chavers* controls this case.

[2] The year 2016 was a "leap year," so February had 29 days. Orso signed the oath and verification on his Rule 3.850 motion on September 16, 2016, and mailed it to Clark that same day. (Doc. 18, Ex. 4 at 2, 24). Clark, Orso's state postconviction counsel, filed the Rule 3.850 motion on September 17, 2016. (*Id.* at 2, 23).

Florida procedure, and consequently tolls the federal habeas limitations period, until the appellate court's issuance of the mandate on appeal).

The limitations period began running again on March 13, 2019, and expired 11 days later on March 23, 2019. Because March 23, 2019, was a Saturday, Orso had until the following Monday, March 25, 2019, to file his federal habeas petition. *See* Fed. R. Civ. P. 6(a). Orso did not file his federal habeas petition until April 5, 2019. (Doc. 1 at 1 (prison date stamp)). Orso's § 2254 petition was filed outside the 1-year limitations period. This is the same conclusion the undersigned reached in the First R&R. (Doc. 30).

**B.      Orso's *Pro Se* "Motion To Rescind Report And Recommendation . . ."**

On July 29, 2020, Orso filed a *pro se* "Motion To Rescind Report And Recommendation . . ." (Doc. 37). The District Judge directed the undersigned to review Orso's allegations and determine whether and to what extent they have bearing on the State's motion to dismiss. (Doc. 38). The undersigned concludes that Orso's motion to rescind the First R&R provides no basis to rescind the First R&R or to deny the State's motion to dismiss.

Orso's motion to rescind the First R&R relates solely to communication and other problems Orso had with Clark *after* Orso filed his *pro se* § 2254 petition. (Doc. 37). Orso claims that he has been denied procedural due process in this habeas

proceeding because, after Clark appeared in this case, he ignored Orso's communications and subsequent requests that Clark withdraw. (*Id*.). Orso argues that this court should strike Clark's response to the State's motion to dismiss and allow Orso the opportunity to file a *pro se* response to the statute of limitations defense. (*Id*. at 5, 8, 10-13).

Orso's allegations—that the First R&R should be rescinded because he has been deprived of procedural due process in this proceeding—are without merit. The court has given Orso the opportunity to file not only a counseled response to the statute of limitations issue, but also a *pro se* response. Orso has not taken his opportunity to file a *pro se* response.[3]

Additionally, Orso's motion to rescind the First R&R does not state a plausible claim for equitable tolling. A federal habeas petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing" of his federal habeas petition. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam) (holding that equitable tolling is available "when a

---

[3] The undersigned properly disallowed hybrid representation. *See* N.D. Fla. Loc. R. 11.1(F) (prohibiting hybrid representation).

movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence"). "The burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner." *San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir. 2011) (citing *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002)). The petitioner must allege more than conclusory allegations, *San Martin*, 633 F.3d at 1268, and must "show a causal connection between the alleged extraordinary circumstances and the late filing of the federal habeas petition." *Id.* at 1267.

Orso's allegations detail communication problems and other issues with Clark that occurred *after* Orso filed his federal habeas petition. Orso does not describe any extraordinary circumstance that prevented him from timely filing his federal habeas petition. Orso's "Motion to Rescind Report and Recommendation . . . ." (Doc. 37), has no bearing on the statute of limitations issue underlying the State's motion to dismiss. (Doc. 18).

C.   **Subsequent Objections Based on Timeliness or Equitable Tolling**

If Orso raises additional timeliness or equitable tolling arguments in objections to this report and recommendation, the District Court may refuse to consider those arguments. *See Williams v. McNeil*, 557 F.3d 1287, 1290-91 (11th Cir. 2009) (holding that the district court had, and properly exercised, the discretion

to refuse to consider timeliness arguments raised for the first time in habeas petitioner's objections to the magistrate judge's report and recommendation); *Patrick v. Warden*, No. 18-10619, 2020 WL 5543035, at *3 (11th Cir. Sept. 16, 2020) (same as to habeas petitioner's equitable tolling argument presented for the first time in his objections to the magistrate judge's report and recommendation).

### III.   Certificate of Appealability Is Not Warranted

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. *See* 28 U.S.C. § 2254 Rule 11(b).

"[Section] 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 332, 336 (2003) (quoting 28 U.S.C. § 2253(c)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement

to proceed further.'" *Buck v. Davis*, 580 U.S. \_\_\_, 137 S. Ct. 759, 774 (2017) (quoting *Miller-El*, 537 U.S. at 327). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). Here, Petitioner has not made the requisite demonstration. Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." 28 U.S.C. § 2254 Rule 11(a). If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

## IV.   Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. Petitioner's "Motion Seeking Order Rescinding Report and Recommendation . . ." (Doc. 37) be **DENIED**.

2. Respondent's Motion to Dismiss Petition as Untimely (Doc. 18) be **GRANTED**.

3. The petition for writ of habeas corpus (Doc. 1), challenging Petitioner's judgment of conviction and sentence in *State of Florida v. Michael Brad Orso*, Escambia County Circuit Court Case No. 2013-CF-5551, be **DISMISSED WITH PREJUDICE**.

4. The District Court **DENY** a certificate of appealability.

5. The clerk of court close this case file.

At Panama City, Florida, this 18th day of September, 2020.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**